ROSENFELD v. ROSENFELD.

1. APPELLATE PRACTICE—EXCEPTIONS.

Where no exceptions have been preserved to the decree dissolving the bonds of matrimony or to the award of alimony, they will not be reviewed upon the evidence.

2. PLEADING—UNCERTAINTY.

Objection to a complaint on the ground of indefiniteness of its allegations must be made by motion to require the plaintiff to make it more specific. By neglecting to make such application, the defendant waives the objection.

3. DIVORCE—EXTREME CRUELTY.

The law does not require that acts of cruelty authorizing a divorce should show that it is absolutely impossible for the parties to live together as husband and wife. Extreme cruelty, under our statute, may consist of words and of personal treatment and conduct short of acts of personal or physical violence.

4. PLEADING AND PROOF.

The complaint alleges that the defendant accused plaintiff of illegal acts of which he was innocent; the answer merely denies that defendant made such charge. *Held*, evidence to show that plaintiff had been guilty of forgery is inadmissible under the issues.

*Error to the District Court of Arapahoe County.*

THIS action was brought by Edward I. Rosenfeld against his wife, Katie J. Rosenfeld, for a divorce on the ground of extreme cruelty. The defendant filed an answer specifically denying the material allegations of the complaint. She also filed a cross complaint, but as counsel claims nothing thereunder, it need not be considered.

Upon the issues thus joined trial was had before a jury, and a verdict returned for the plaintiff, upon which a decree was rendered by the court dissolving the marriage bond and ordering the plaintiff to pay the defendant's counsel fees and the costs of this action, and awarding permanent alimony to the defendant in the sum of $5,000.

The defendant brings the case here upon writ of error, and assigns numerous errors, the principal ones being that

the complaint does not state facts sufficient to constitute a cause of action; that the court erred in admitting certain evidence offered by plaintiff and refusing certain evidence offered by defendant, and in giving and refusing certain instructions; that the evidence is not sufficient to warrant the verdict; and that the alimony awarded to defendant is not sufficient.

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. JOHN G. TAYLOR, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

An examination of the voluminous record reveals the fact that the defendant failed to save any exceptions to the decree of the court dissolving the bonds of matrimony, or to the award of alimony.   Under these circumstances, it is the well settled practice of this court not to review the decree upon the evidence.  *Jerome v. Bohm, post,* 322.   Hence we are precluded from determining the sufficiency or insufficiency of the evidence to sustain the decree of divorce or the judgment for alimony.

Other errors, however, have been assigned relating to the rulings of the court during the trial, to which exceptions were properly taken and preserved, and these we shall proceed to consider.   The principal objection urged is to the sufficiency of the complaint.   There is in it no allegation that the defendant visited any act of physical or personal violence upon the plaintiff, but the allegations of cruelty refer to words spoken by the defendant of and concerning the plaintiff, and to ill treatment and conduct towards plaintiff destructive of his peace of mind, health and happiness, and endangering his life, which conduct was continued by the defendant throughout the existence of their married life.

In its essential features the complaint is substantially similar to that in the case of *Sylvis v. Sylvis,* 11 Colo. 319.   Coun-

VOL. XXI—2

sel for plaintiff in error apparently contends that that case is not authority for the doctrine that extreme cruelty may consist of words only, and of personal treatment and conduct short of acts of personal or physical violence, and he cites a number of cases in support of his theory. Without attempting a review of the authorities, it is sufficient to say that this court adheres to the rule announced in the *Sylvis Case, supra,* and the cases therein cited. That case is against the defendant, and we shall not attempt to repeat the argument of the decision.

The defendant objected to the introduction of any testimony by the plaintiff in support of the allegations of the complaint for the reason just stated, but the court properly overruled the objection. In his brief, counsel criticises the complaint because of the indefiniteness of its allegations. Had timely and proper application been made by the defendant for an order requiring the plaintiff to make more specific the allegations of cruelty, the court might properly have granted such request; but by neglecting to make such application, and by answering the complaint, the defendant has waived such objection, if it be good at all, and no error was committed by the court in so deciding.

In the first instruction asked by the defendant a summary of the allegations of the complaint is made; and after defining to the jury the meaning of extreme cruelty the instruction concludes with this sentence: "The causes which the law deems extreme cruelty must be grave and weighty and *such as show an absolute impossibility that the duties of the married life cannot be discharged.*" We suppose that the use of the word "cannot" was the result of an error in transcribing, and that counsel employed the word "can." In the same connection the instruction also states that the acts of defendant towards the plaintiff must have been such as to have destroyed his peace of mind or injured his health "to such an extent as to make the married state impossible to be endured, and rendered life itself almost unendurable." The court modified the instruction as asked by striking out the

words which are italicized in first quotation above, and substituting in the second quotation for the words "almost unendurable" the words "a great burden." The law does not require that these acts of cruelty shall show an absolute impossibility of the parties being able to live together as husband and wife, or that life should thereby be rendered "almost unendurable" for the one against whom they are perpetrated. As was said in the *Sylvis Case*: "To authorize a divorce on the ground of cruelty the evidence should show that the acts complained of are such as that danger to life, limb or health will naturally arise from the continued commission of such acts, but it is not necessary that the evidence should show that actual physical violence has been used. Extreme cruelty may be as effectually caused by conduct which produces mental suffering and robs complainant of his or her peace of mind, as by blows inflicted; and to many persons the burden of the mental suffering will be much harder to bear than the burden of any ordinary physical suffering. These views are sustained by many recent and well reasoned decisions." All of the words quoted could have been safely stricken out, as the court had elsewhere fully instructed the jury on the law of the case in this particular, and the modifications were properly made.

In the complaint there is, among others, a general allegation that the defendant had unjustly charged the plaintiff with the commission of illegal acts of which he was innocent, but no particular act is mentioned. In proving his case, plaintiff offered a letter written by defendant to a Mrs. Waddell, which was admitted by the court. In this letter is a brief reference to the plaintiff as a forger. The evident object of introducing this letter was not to prove that defendant had charged plaintiff with the commission of forgery, but the letter was admitted to establish other legitimate issues involved. Nothing is claimed by plaintiff by reason of such charge in that letter, if such it be, and in the instructions to the jury the court practically withdrew it from their consideration. On the cross-examination of plaintiff, as well as

when defendant was introducing her own testimony, she offered to prove that plaintiff was guilty of a number of forgeries for which he had been indicted by the grand jury of Arapahoe county, but upon which trial was never had. The court refused such offer, and the plaintiff in error with much earnestness complains of this ruling, because, as she says, if the illegal act, or crime, which she preferred against plaintiff was in fact committed by him, then such charge is true, and to speak the truth of plaintiff cannot constitute extreme cruelty, or be taken as any evidence thereof. Without so holding, but conceding, for the sake of the argument, the soundness of this contention, let us see if there is any issue making such evidence admissible.

Giving to the denials of the answer a construction most favorable to defendant, there is only a specific denial that the defendant ever made the accusation of forgery against the plaintiff. The complaint alleges that the defendant accused plaintiff of illegal acts of which he was innocent. The answer merely denies that defendant made such charge. There is nothing in defendant's pleading in the nature of a plea of confession and avoidance. Therefore, the defendant having denied that she made such accusation, and neither having admitted the making of the same nor having alleged the truthfulness thereof, and the plaintiff not relying upon the same for relief, there was no error in the court in refusing to admit evidence to show that the plaintiff had been guilty of forgery.

The other errors assigned, only some of which are discussed by counsel in his brief, we have examined with care, and find that no substantial error was committed by the court. The jury was fairly instructed as to the law of the case, and the rulings of the court in admitting testimony and refusing the same were proper and based upon the doctrine announced in the *Sylvis Case, supra.* Instructions which the defendant asked and which were refused by the court were properly refused, some because they had already been given by the court in so far as applicable to the cause, and others because

they were drawn upon the theory which the defendant has sought to maintain in this court to the effect that acts of physical violence must be committed before extreme cruelty can result, which contention is not only not upheld by this court, but has been heretofore expressly repudiated.

For these reasons the decree of the court dissolving the bonds of matrimony and awarding the defendant alimony in the sum of $5,000 is affirmed.

*Affirmed.*