[No. 3686.  Decided March 11, 1901.]

M. C. SANDERS, *Respondent,* v. JOHN BARTELT *et ux.,*
*Appellants.*

APPEAL — REVIEW IN EQUITY CASES — DECISION BASED ON WRONG
GROUNDS.

Although the judgment of the lower court in an equity case
may have been based upon a proposition of law which cannot be
sustained, yet, where all the testimony is before the appellate
court for inspection, the judgment will not be reversed, if it can
be sustained upon any legal principle.

Appeal from the Superior Court, Spokane County.—
Hon. WILLIAM E. RICHARDSON, Judge.  Affirmed.

*Crow & Williams,* for appellants.

*John C. Kleber* and *David Herman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action to foreclose a lien for
labor which the respondent claims to have performed
on the property of the appellants.  The only question
arising is whether respondent was to receive $3 or $2.50
per day for his work.  The time respondent worked was
twenty-four days and six hours.  Briefly stated, one Rube
Reynolds, who was a foreman of Bartelt, one of the appellants here, by authority of Bartelt, employed the respondent to work on Bartelt's building.  He contracted
with the respondent to pay him $3 per day, but the appellants claim that Reynolds had authority only to em-

ploy the respondent at $2.50 per day. The court found in favor of the respondent, allowing him wages at $3 per day, and entered judgment accordingly.

It is insisted by the appellants that the court erred in allowing witnesses, over their objection, to testify that it was the custom and usage of the foreman upon a building to fix the wages of employees, and in allowing testimony as to the reasonable value of wages. Cases are cited to the effect that one who makes a contract with one who acts as a special attorney is bound, at his peril, to ascertain the authority of such attorney and its existence; while it is contended by the respondent, and many authorities are cited to sustain his contention, that appellants having constituted Reynolds their attorney to hire respondent, and having placed him over the work as foreman, any secret instructions or limitations put upon his power as such could not affect respondent, who had no notice thereof; that he had a right to assume that he had authority to pay him the regular going wages; that this was within the agent's apparent authority, and that the respondent was not required to make inquiry as to the agent's powers or restrictions in such case. But, without entering into a discussion of these legal propositions, this court has frequently decided, in harmony with universal authority, that in an equity case where all the testimony is here for our inspection, even though the lower court may render a judgment based upon a proposition of law which cannot be sustained, if the judgment is right and can be sustained upon any legal principle, it will not be reversed. In this case, should it be found that the respondent was bound to take knowledge of the restrictions placed upon the agent of the appellants, and that the agent had no authority to enter into the contract that he did with respondent, then there was no contract existing

between the respondent and appellants, and the respondent had a right to recover upon a *quantum meruit;* for it would certainly be inequitable to hold the laborer to his contract of hire, and yet not allow him to recover upon the terms of the contract.

The judgment is right, and will be affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.