[No. 4162.]

## AULT v. AULT.

1. HUSBAND AND WIFE—DIVORCE—DESERTION.

Desertion that is grounds for divorce consists in the actual ceasing of co-habitation with the intent in the mind of the offending party to desert the other. There is no desertion unless there is an intent upon the part of the one charged therewith to permanently break off the marriage relation, nor where there is a justification for the separation in the consent of the alleged wronged party.

2. SAME.

Where a wife on account of bad health and upon the advice of her physician and with the consent of her husband left her husband in Colorado and went back to visit her relatives in Illinois and remained away four years, and during the first two years a correspondence was kept up between them and the husband sent her some money and promised several times to go to Illinois after her, and after she had been away two years he requested her to return to him, which she declined to do unless he would come to Illinois after her, and wrote him if he could not support her better than he had, she would let some one else do it, but after staying away four years she returned to Colorado and offered to live with him, which he refused, the facts were not sufficient to establish desertion on the part of the wife so as to entitle the husband to a divorce on that ground.

*Error to the County Court of Arapahoe County.*

Mr. R. D. REES and Mr. O. A. ERDMAN, for plaintiff in error.

Messrs. ROBINSON and ANFINGER, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action for divorce. The wife in her complaint charges her husband with desertion, which he denies in his answer, and therein and by way of cross-complaint, alleges cruelty and desertion by her.

When the proof was in the court instructed the jury that defendant's evidence was not sufficient to sustain his charge of cruelty, and thereupon withdrew the same from their consideration. The cause was then submitted under the complaint and cross-complaint upon the respective charges of desertion, and the jury found against the plaintiff and in favor of the defendant to the effect that she had been guilty of the desertion charged by him. This writ of error is sued out by the plaintiff to review the judgment.

A number of questions have been argued by counsel, but as we think that the judgment is wrong, the only assignment of error considered is that the verdict is not sustained by the evidence. In *Johnson v. Johnson*, 22 Colo. 20, it was said: "Desertion consists in the actual ceasing of cohabitation, and the intent in the mind of the offending party to desert the other." In 1 Bishop on Marriage and Divorce, § 1662, et seq., practically the same definition is given. It is clear under our statutes and under the authorities that there is no desertion unless there is an intent upon the part of the one charged therewith permanently to break off the marriage relation, or where there is a justification for the separation in the consent of the alleged wronged party.

The plaintiff and defendant were married in the state of Illinois in the year 1888, and soon afterwards removed to Denver in Colorado. The wife was in delicate health at the time of her marriage, and from time to time suffered from nervous hysteria. In 1893, acting on the advice of a physician, and with the consent of her husband, she returned to Illinois, where she visited her relatives until September, 1897. During this absence letters were exchanged, and the husband furnished some money for the wife's support

until about the month of April, 1895, when, defendant avers, he requested plaintiff to return to him to resume their marital relations, but she refused to return and then deserted and abandoned him.

After that period the defendant no longer wrote to his wife and made no provision for her support. In September, 1897, the wife returned to Colorado and offered to resume her former relations with her husband, but, as defendant himself admits, he refused to accept the offer, having before that time determined not to live with her. There is not sufficient direct evidence that the wife ever refused to return to the defendant, and it is only by reason of her conduct that such claim can be made. About the time which the defendant designates as the beginning of the period of desertion by his wife, the latter, in answer to one of his letters and speaking to the question of a sufficient support which she claimed he had not given, and which he admitted and had assigned reasons therefor, she replied, according to his statement, that if he could not support her any better than he had, she would let some one else do it. Evidently this remark angered the defendant, he taking it as an intimation that she thereby desired to release him from further obligation and would get her support from some one whom she intended to marry when released from the tie that bound her to him.

Without going further into the details of this unfortunate separation it is sufficient to say that there was no intention on the part of the wife to desert when she left her home in Colorado and went to Illinois. Not only was it with the husband's consent, but her prolonged absence far beyond the time when she herself wished to return, was in accordance with his desire and earnest insistance. The utmost that

can be claimed by him is that she declined to return to Colorado unless he should go back to Illinois and bring her home. In the circumstances of the case, we do not think this was unreasonable or without excuse, for he had many times promised to come, and after she had sent him the objectionable letter referred to, he repeated to her his desire and expressed his intention to come for her as soon as he was financially able to make the journey.

Our conclusion from the entire evidence is that there was no intent upon the part of the wife permanently to abandon her husband, and it is equally clear that their separation was with his consent, and that after the receipt of the objectionable letter, which was one if not the principal, cause of his ill feeling, he desired her to remain in Illinois with her relatives, and then determined no longer to live with her. Thereafter he did not do what a just man should do in the way of concession and making advances to his wife in order to induce her to return, but, on the contrary, everything he did with respect thereto was calculated, and in fact did tend, to prolong her absence. In other words, the separation between these parties, although it continued for more than the statutory period of one year, was not on the part of the wife intended to be permanent or wilful, and on the part of the husband it was in accordance with his own desire and its continuance was with his consent. In this sort of an action this was a sufficient justification for the separation, and the husband did wrong when his wife returned to Colorado not to renew the cohabitation.

We are mindful of the rule that where there is a substantial conflict in the evidence an appellate tribunal will not disturb the findings of a jury or a trial court, yet where in the most favorable light that can

be taken of the evidence produced by the very party in whose favor the judgment went it is not sufficient to sustain the cause of action that it was intended to establish, the rule does not apply. We are of opinion, without any doubt whatever, and that, too, on defendant's own testimony, that the wife's desertion was not made out, and after reading the entire record we are satisfied that neither one of these parties is entitled to a divorce. The following are authorities that may be cited in support of our conclusion, and some of the cases are quite similar, in their facts to the case at bar, and show clearly that the evidence comes far short of meeting the requirements in such controversies: *Grant v. Grant*, 36 N. J. Eq., 502; *Powell v. Powell*, 29 Vt., 148; *Wright v. Wright*, 80 Mich., 572; *Cornish v. Cornish*, 23 N. J. Eq. 208; *Hardenbergh v. Hardenbergh*, 14 Cal. 654; *Ward v. Ward*, 25 Colo., 33; *Saterlee v. Saterlee*, 64 Pac. Rep. 189; 28 Colo., 290.

The judgment is therefore reversed and the cause remanded with instructions to the trial court to dismiss the plaintiff's action based upon her complaint and the defendant's action under his cross-complaint. Reversed.

Mr. JUSTICE STEELE did not participate in the decision.