[No. 4641.]

GEISSEMAN v. GEISSEMAN.

1. **Pleading—Divorce—Extreme and Repeated Acts of Cruelty.**
    A complaint for divorce on the grounds of extreme and repeated acts of cruelty, which alleges generally that defendant was guilty of extreme and repeated acts of cruelty, followed by allegations that a short time after marriage defendant developed a chronic habit of quarreling and fault-finding with plaintiff and continued the practice of nagging him about trivial things, which rendered his life miserable and destroyed his peace of mind, and rendered the marriage relation impossible to be endured, but which fails to allege any specific acts of cruelty or to mention any time or place or attendant circumstance, is defective, and a motion to require the complaint to

be made more certain in this respect should be granted, but it is sufficient as against an objection, at the beginning of the trial, to the introduction of any evidence thereunder.

**2. Same—Default.**

Where a complaint in an action for divorce alleged both extreme and repeated acts of cruelty and the answer denied the extreme cruelty, but did not deny the repeated acts of cruelty, judgment by default for failure to make this denial could not be entered, but trial must be had and proof of the charge made.

**3. Divorce—Evidence—Cruelty.**

In an action for divorce on the grounds of extreme and repeated acts of cruelty, evidence examined and held insufficient to support a decree of divorce.

**4. Appellate Practice—Action for Divorce—Verdict.**

In an action for divorce the verdict of the jury has the same weight and is entitled to the same consideration as the verdict in an ordinary civil action, but is not entitled to any greater consideration.

*Appeal from the County Court of Pueblo County: Hon. L. B. Gibson, Judge.*

Mr. GEORGE SALISBURY, for appellant.

Messrs. STIMSON & SMITH and Mr. J. C. ELWELL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action for divorce on the ground of extreme and repeated acts of cruelty by defendant, consisting in the infliction upon plaintiff of mental suffering. Defendant appeared and filed an answer denying that she was guilty of extreme cruelty. Upon the trial before a jury the issues were found for the plaintiff, upon which the court rendered a decree dissolving the bonds of matrimony. Defendant appeals.

1. The first objection argued is that the complaint is fatally defective in that there are charged

no specific acts of cruelty, giving time, place and circumstances. The statement in the complaint is, generally, that the defendant was guilty of extreme and repeated acts of cruelty. This is followed by allegations that a short time after marriage the defendant developed a chronic habit of quarreling and fault-finding with the plaintiff, and continued the practice of nagging him so that finally they separated and made division of the property; that afterwards they lived together again, but it was not long before the defendant again commenced to quarrel with and nag the plaintiff about trivial things, which rendered his life miserable and a great burden to him, destroyed his peace of mind, and rendered the marriage relation impossible to be endured.

There is lacking in the complaint any averment of specific acts of cruelty. No time or place is mentioned and no attendant circumstances are given. Had defendant made a motion to have the complaint in this respect made more certain, an order giving the relief might and should have been entered. But she did not do so. On the contrary, she filed an answer denying the charge of extreme cruelty. Her objection at the beginning of the trial to the introduction of evidence by plaintiff, because of such indefiniteness, came too late.—*Sylvis v. Sylvis,* 11 Colo. 319, 323; *Rosenfeld v. Rosenfeld,* 21 Colo. 16.

2. The judgment must be reversed because of the legal insufficiency of the evidence. Our statute on divorce (Sess. Laws 1893, p. 236) makes extreme or repeated acts of cruelty by one of the married pair toward the other a ground of divorce, and such acts of cruelty may consist as well in the infliction of mental suffering as bodily violence. The answer denies extreme but not repeated acts of cruelty. Judgment of default for failure to make this denial could not be entered, but under section 5 of our di-

vorce act trial must be had and proof of the charge made. The complaint does not allege nor does the evidence show in any true sense repeated acts of cruelty of a character which justifies the decree in plaintiff's favor. The only evidence to support the complaint was the testimony of plaintiff himself. He testifies that throughout most of their married life defendant had the chronic habit of finding fault and nagging him for nearly everything he did. When asked to give specific instances, the only ones he mentioned were that he wished to build a new house and defendant objected; that she found fault with him for losing the weight or block which was used as a hitching post for their horses when they were being driven to a wagon; that she scolded him for coming home late at night, and objected to the kind of work he did, and the places where he worked, and insisted on having her own way. He says that the effect of this conduct was such that he could not stand it any longer; that it kept him nervous and deprived him of a good many nights' sleep, and caused him worry in the daytime; and although he did not say that it impaired his health, he was of opinion that it would have that effect if continued long enough, and he thinks he "could not have stood it," to use his own expression.

The attending circumstances of these specific instances were not detailed, and for aught that appears to the contrary plaintiff may have been equally at fault with the defendant, and she may have had sufficient provocation to excuse her conduct. At all events, there being no other facts given except the bare general statements in the nature of plaintiff's conclusions, already referred to, we are of opinion that the facts are too trivial in character to justify a decree of divorce. A verdict of a jury in a divorce case has as great weight and is entitled to the same

consideration as the verdct in an ordinary civil action.—*Gilpin v. Gilpin,* 12 Colo. 508. But it certainly is not entitled to any more consideration.

The fact was developed at the trial that defendant is of mixed blood. We suppose plaintiff was of the Caucasian race, although that fact does not directly appear. Considering the inadequacy of the evidence to establish the cruelty charged, we are persuaded that the racial question improperly contributed to the verdict. At all events, the facts elicited at the trial are legally insufficient to authorize a court to decree a divorce.

The judgment is reversed and the cause remanded.

*Reversed.*

Chief Justice Gabbert and Mr. Justice Steele concur.