[No. 4711.]

HARDING v. HARDING.

1.  Divorce—Grounds—Extreme Cruelty—Mental Suffering—Evidence.

The 5th subdiv. of § 1 of the divorce act (Sess. Laws 1893, c. 80, p: 236) provides that an injured party to the marriage relation may obtain a divorce if the other party thereto has been guilty

of extreme or repeated acts of cruelty, which may consist as well in the infliction of mental suffering as of bodily violence; and, where the treatment complained of as ground for divorce is brutal and inhuman, from which mental suffering naturally results, and the jury so find, their verdict cannot be nullified merely because plaintiff does not expressly say that her life was actually endangered or her health injuriously affected thereby, or because defendant denies such treatment.—P. 108.

2.  Appellate Practice—Divorce—Verdict—Conclusiveness.

In an action for divorce where the jury finds the allegations of cruel treatment to be true, and they are sustained by the trial judge on a motion for new trial, based, even in part, on the insufficiency of proof, the supreme court is not justified in setting aside the decree, for the jury, as well as the trial judge, saw the witnesses and heard them testify, and were better able than is the appellate court to determine their credibility.—P. 109.

3.  Divorce—Grounds—Extreme Cruelty—Condonation.

In an action for divorce where, after some of the acts of cruelty were committed, plaintiff temporarily absented herself with her children from defendant and afterwards returned to him and they again cohabited as husband and wife, and the husband after resumption of that relation was guilty of the same offense, the alleged condonation is not a bar to plaintiff's right to ask for the dissolution of the marriage relation upon the grounds of such cruelty.—P. 110.

*Appeal from the County Court of Weld County.*
*Hon. Charles E. Southard, Judge.*

Action by Jessie Harding against Walter J. Harding for divorce. From a decree for plaintiff, defendant appeals.     *Affirmed.*

Mr. L. R. RHODES and Mr. P. W. LEE, for appellant.

Mr. CHARLES F. TEW, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action for divorce by the appellee, Jessie Harding, against Walter J. Harding, the appellant, on the ground of extreme cruelty. The jury found defend-

ant guilty, as charged, whereupon the court rendered a decree dissolving the bonds of matrimony, and awarded the plaintiff $600 permanent alimony, and the custody of their minor child. Defendant appeals.

The fifth subdivision of section 1 of our divorce act of 1893 (Session Laws 1893, 236), provides that the injured party to the marriage relation may obtain a divorce if the other party thereto has been guilty of extreme or repeated acts of cruelty, which may consist as well in the infliction of mental suffering as of bodily violence. This is a legislative affirmation of the doctrine previously in force in this jurisdiction, announced in *Sylvis v. Sylvis,* 11 Colo. 319, and followed in *Rosenfeld v. Rosenfeld,* 21 Colo. 16. The only grounds relied on for reversal are that the evidence was not sufficient to sustain the verdict and decree, but if so, the plaintiff, by condonation, is estopped to claim a divorce. No fault is found with the sufficiency of the complaint. It charges generally a course of cruel and inhuman treatment of the plaintiff by the defendant, and this general averment is followed by six specifications of particular acts of cruelty, which are alleged to have occurred at different times. No physical violence was inflicted upon the plaintiff, the evidence being confined to acts and conduct of defendant which caused her great mental suffering, impaired her health, and endangered her life. The particular objection to the evidence is that it does not sufficiently show that plaintiff's mental suffering in any wise impaired her health, or endangered her life.

1. It would serve no useful purpose to detail the disgusting facts which the record discloses. It is sufficient merely to say that there is evidence tending to show persistent and continuous ill treatment of the plaintiff by the defendant, consisting of inattention and neglect during her pregnancy, the use of

profane, obscene and filthy language towards her, and the denial of the paternity of one of the children born to the plaintiff during the marriage relation. There is also some evidence, though not very satisfactory, that defendant refused to provide medical treatment and care for the plaintiff during an illness; but if that were the only evidence of extreme cruelty, it would, of itself, be insufficient to warrant a dissolution of the marriage relation because of its uncertainty. If defendant was guilty of the conduct and ill treatment to which plaintiff testifies, there can hardly be a reasonable doubt that it caused her great mental suffering, and, as she expresses it, rendered life almost intolerable to her. We do not understand that it is absolutely essential that plaintiff should directly testify that such mental suffering endangered her life or injuriously affected her health. If the treatment complained of is so brutal and inhuman, from which mental suffering naturally results, and if it be naturally calculated to impair health or endanger life, and the jury so find, their verdict cannot be nullified, merely because plaintiff does not expressly say that such results have actually occurred, or because defendant denies such treatment. Defendant's ill treatment, vile language, neglect, indifference and coldness, which plaintiff's evidence tended to fasten upon him, were calculated to impair, and must have endangered, her health or life, being, as she was apparently, a woman of a nervous temperament. At all events, we do not feel justified in setting aside the decree, since the jury found such allegations to be true, and they were sustained by the trial judge on a motion for a new trial, based, in part, on the insufficiency of proof.

2. The second ground relied on for reversal is that, even if the evidence establishes the extreme cruelty charged, defendant's conduct was condoned

by the plaintiff. Condonation is not an absolute term applicable alike to all circumstances. Its application may vary, as the different offenses alleged to have been condoned may vary. Condonation is upon the implied condition that the offense shall not be repeated and that plaintiff thereafter shall be treated with conjugal kindness. Hence, even though it be true, as defendant claims, that after some of the acts of cruelty were committed, plaintiff temporarily absented herself with her children from him, and afterwards returned to him, and they again cohabited as husband and wife, since defendant after resumption of that relation was guilty of similar offenses, the alleged condonation is not a bar to plaintiff's right to ask for a dissolution of the marriage relation.—8 Cyc. of Law and Procedure, 559, and cases there cited.

This court is not disposed to uphold decrees of divorce for trivial causes, or those resting on inadequate proof, and when satisfied that good and sufficient grounds have not been established, it is not slow to set them aside. Upon plaintiff's evidence, supposing it to be true, and the inferences properly deducible therefrom, the jury were warranted in the verdict they returned. They, as well as the trial judge who approved their finding, saw the witnesses and heard them testify, and were better able than we are to determine their credibility.

For the reasons given the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.