[No. 8364.]

## WALKER V. WALKER.

1. Divorce—*Desertion—Agreement of Separation—Effect.* An agreement of husband and wife to live separate, bars an action by either spouse for divorce on the ground of desertion. (578.)

2. —— *Evidence.* Where in an action for divorce, only desertion is alleged, evidence of cruelty is inadmissible. (579.)

3. Practice—*Motion to Dismiss—Effect.* A motion to dismiss a cause upon the ground that the reply admits a conclusive bar, is, in effect a motion for judgment on the pleading. (579.)

*Error to Routt County Court.* Hon. CHAS. A. MORNING, Judge.

*Department.*

A. M. Gooding, for plaintiff in error.

No appearance for defendant in error.

Opinion by Teller, J.

The defendant in error brought suit against the plaintiff in error for divorce. The complaint, filed on November 29, 1913, alleged wilful desertion for a period of more than one year. The answer, in addition to various denials, sets up an agreement, executed by the plaintiff and the defendant under date of December 3, 1912, which recited that the parties desired to live apart, and provided for a cash payment by the husband to the wife, in consideration of which she agreed to dismiss a suit then pending in which she sought a divorce from defendant in error, and to release him from all claims for support, and all rights of inheritance. The husband also waived his right to inherit from the wife.

This agreement is pleaded as a bar to the suit.

The replication admits the execution of this agreement.

The defendant thereupon moved to dismiss the action upon the ground that the agreement was admitted by the replication, and that it was not alleged that the plaintiff's consent to the defendant's living apart from him had ever been withdrawn.

The motion was overruled, the cause tried, and a verdict rendered in favor of the plaintiff. A motion for a new trial having been overruled, and judgment entered on the verdict, the case is brought here for review.

The overruling of the motion to dismiss on the ground that it appeared from the pleadings that the acts charged as constituting desertion were done with the consent of the plaintiff is the principal error assigned and argued.

It is elementary that "there is no desertion * * * where there is a justification for the separation in the con-

sent of the alleged wronged party." *Ault v. Ault,* 29 Colo. 149, 68 Pac. 231. Here the plaintiff admitted in his replication that such consent had been given in a formal instrument executed and acknowledged by him. The motion was equivalent to a motion for judgment on the pleadings, and should have been sustained.

It further appears that the court allowed testimony as to alleged cruelty on the part of the defendant, which was clearly inadmissible under the pleadings, and that several of the instructions misstated the law applicable to the case. As the judgment must be reversed because of the error first above mentioned, it is unnecessary to consider in detail the other errors assigned.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.

*Judgment Reversed.*

GABBERT, C. J. and HILL, J., concurring.