No. 12,635.

MILLER v. MILLER.
(9 P. [2d] 616)

Decided March 14, 1932.

Mr. A. B. Bouton, for plaintiff in error.

Mr. Omar E. Garwood, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This writ is prosecuted by plaintiff in error to review an adverse judgment in a divorce case. When not otherwise designated herein he is referred to as defendant and defendant in error as plaintiff.

These parties were married in 1908. At the beginning of this action they had three children and considerable property. The complaint was filed by the wife. She charged cruelty and prayed for divorce, division of property and custody of children. The husband denied the charge and by cross-complaint alleged cruelty, adultery and abandonment. He prayed for divorce and judicial settlement of the same questions. Further pleadings joined the issues.

The cause came on for trial September 18, 1929, with both parties present in person and by counsel. Plaintiff moved for a continuance until 2 p. m. of the same day. Defendant withdrew his answer and cross-complaint "reserving the right to take evidence on the question of property rights only." The record does not disclose the presence of the husband at the afternoon session. His attorney, however, was there and representing him. A jury was waived and the wife's evidence, consisting of that of herself and her son, was taken, and findings of fact and conclusions of law in her favor directed. Defendant's counsel produced no witnesses, offered no objections and made no suggestions.

In January, 1930, the husband, then for the first time represented by his present counsel, moved for a new trial. It is difficult to determine the grounds of this motion. On its face it appears to charge misconduct of the

court and trickery of counsel, resulting in a secret hearing and judgment of which he had just learned. When this motion was presented oral evidence was taken. It was testified, and the court held, that the findings and conclusions, first drafted by plaintiff's attorney, were taken up for consideration by the Judge in chambers September 20, 1929, in the presence of defendant and his attorney, fully explained and tacitly agreed upon. Counsel representing him on the motion repudiated all inferences of misconduct in the trial, saying, "Mr. Miller did not personally know and understand the legal effect. That is the ground of my motion." It also appeared that after the trial and prior to this hearing, defendant had, in conformity with the findings and conclusions, executed a quitclaim deed and received a bill of sale. The motion was denied. Final decree was entered April 2, 1930.

There are twenty-five assignments, most of which are unargued. Those presented may be thus summed up: Unfaithfulness of counsel, negligence of the court, and insufficiency of evidence. Of the first there is not the slightest indication. The second is negatived by the record. The third we examine.

The charge was "extreme and repeated acts of cruelty" and the statute on which it is based reads: "Fifth—That the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse; and such cruelty may consist of the infliction of mental suffering or bodily violence." C. L. '21, §5593.

It is insisted that the facts were elicited by leading questions; that the answers were indefinite; that there is no proof of repetition of cruelty; and that the court should have noted and investigated allegations of the answer and cross-complaint. But the answer and cross-complaint had been withdrawn, plaintiff's attorney was offering all the evidence the court required, but suggesting that additional proof would only produce "more hard feelings," and defendant's attorney was present,

approving, and waiving cross-examination. The wife testified that her husband beat her until she was black and blue; that he wanted to fight, curse her and call her names; that he once came at her with his fists, declaring, "I'll fix you so you can never be happy"; and that his threats of violence had continued "from the time of the Shank murder case." Since the motion for rehearing in that case (*Shank v. People,* 79 Colo. 576, 247 Pac. 559) was denied here June 28, 1926, defendant's abuse had, according to the undisputed evidence, extended over a period of more than three years. The cruelty referred to in the statute may be inflicted by the use of words alone. *Rosenfeld v. Rosenfeld,* 21 Colo. 16, 40 Pac. 49. If the treatment complained of is that contemplated by the statute plaintiff's explicit statements that the natural results followed are not essential to support a finding to that effect. *Harding v. Harding,* 36 Colo. 106, 109, 85 Pac. 423.

From an examination of this record we are forced to the conclusion, that defendant was familiar with, and acquiesced in, all that transpired on the original trial and immediately thereafter; that about the time he filed his motion he became dissatisfied with the judgment, so far as it concerned property rights, determined, if possible, to have it annulled, and changed counsel to facilitate his attack upon it; and that that attack is wholly without support in the record before us.

The judgment is accordingly affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.