No. 14,993.

HILBURGER *v.* HILBURGER.
(135 P. [2d] 138)

Decided March 1, 1943.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for plaintiff in error.

Mr. THOMAS I. PURCELL, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the husband and wife respectively.

The wife brought suit for divorce on the ground of cruelty, physical and mental. The charge was denied and the cause tried to a jury which returned a verdict for the husband. Motion for a new trial was overruled and judgment entered on the verdict. To review that judgment the wife prosecutes this writ on two specifications: 1. The record conclusively establishes physical cruelty; 2. the record conclusively establishes mental cruelty. These present a single contention, i. e., the judgment is not supported by the evidence.

These parties had been married for over thirty-three years. Four children were born to them. Two died in infancy, the other two had reached maturity and left the parental roof. The parties had engaged principally during their long married life in farming, stock raising, and dairying; both working in those enterprises as is customary in many such households. They were certainly not the most amiable individuals, but they got on. There was no cross complaint, no objection by the wife

to any instruction, and no cross assignments. Counsel for the wife abandon all but two propositions—the husband's admissions, as they say, that on two occasions, some four or five years before suit, he slapped his wife during one of their quarrels, when she had been exceptionally free with her tongue; and that on similar provocation he had several times applied to her a vile epithet, the last time long before the bringing of the suit. In fact much of the wife's evidence (and she was the only witness for herself) relates to events, generally not very ominous if true, which transpired from five to thirty years back. It is undisputed that none of these clashes had taken place within the last two years. Counsel for the wife assert, and repeat, that she is little concerned about a divorce, but very solicitous that she secure an equitable division of the property she has helped to accumulate.

This court does not condone the slapping or the vile name; but the enormity of these and their legal effect cannot be considered apart from the circumstances and the individuals. Bad as they were, they were quite apparently condoned and forgiven, and courts do not look with favor upon the minute raking of the dead ashes of a forgotten connubial past. Even as to the particular offenses upon which the wife now stands, neither she nor the husband were sufficiently clear at to the casus belli to indicate that great importance was attached to them.

So far at least as physical cruelty is concerned counsel appear to assume that a single act, or at least such an act once repeated, regardless of its severity, will justify judicial severing of the marital relation. But the requirement of the statute is "extremely and repeatedly cruel." '35 C.S.A., c. 56, §1. Certainly this jury was justified in concluding that these acts were neither "extreme" nor, in the statutory sense, "repeated." *Williams v. Williams*, 1 Colo. App. 281, 28 Pac. 726.

The same case is authority for the conclusion

412

that the rule, that every case must stand upon its own facts, is peculiarly applicable to divorce actions grounded upon cruelty. The same is true, on even stronger reasoning, of the rule that an appellate court will not interfere with a verdict which finds support in the evidence. *Neander v. Neander*, 35 Colo. 495, 84 Pac. 69; *Mahnken v. Mahnken*, 9 N. D. 188, 191, 82 N.W. 870. Acts and language generally chargeable as inflicting mental cruelty which in one case would sear like flame would in another leave the calloused sensibilities of the supposed victim unscathed. The epithet which in one case falls like the blow of a bludgeon in another can scarcely be distinguished from a rude caress. Hence an appellate court, which has not seen and heard the parties, treads upon dangerous ground when it interferes with the conclusion of judge and jurors who have.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE JACKSON concur.