No. 16,280.

MENTZER *v.* MENTZER.
(209 P. [2d] 920)

Decided September 6, 1949.

Mr. CARL CLINE, Mr. DONALD SCUDDER, for plaintiff in error.

Mr. ISAAC MELLMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties appear as in the trial court and will be so referred to herein.

Plaintiff filed her complaint for separate maintenance, alleging extreme and repeated acts of cruelty on the part of the defendant. Defendant, by his answer, denied the allegations of cruelty, and in his cross complaint alleged extreme and repeated acts of cruelty on the part of the plaintiff and prayed for a decree of divorce. The allegations of the cross complaint were denied by plaintiff. The case was submitted to a jury, resulting in a verdict in favor of the defendant and against the plaintiff on the allegations of cruelty.

Plaintiff relies for reversal solely on two points: (1) The verdict is contrary to the evidence; (2) the court erred in giving Instruction No. 7, in that said instruction does not properly define cruelty in the contemplation of the law.

■ With the one exception, all instructions given by the court are specifically here approved by plaintiff's counsel. Instruction No. 7 is as follows:

"The jury is instructed that the term 'cruelty' has been defined in many ways, but the definition of cruelty in a particular case depends largely upon the facts of that case, which in the complexity of human affairs can never resemble any other. The statutes of the State of Colorado provide that a decree of separate maintenance or divorce may be granted if the spouse from whom the decree is sought has been extremely and repeatedly cruel towards the other spouse; and such cruelty may consist of the infliction of mental suffering or bodily violence. Cruelty consists of extreme and repeated acts of actual violence, attended with danger to life, limb, or health, or a reasonable apprehension of such violence, of such a nature, however, that it is intolerable; or cruelty may be inflicted by the use of words alone which constitute quarreling and fault-finding, such as to affect the health, well-being, or peace of mind of either of the parties.

"In determining whether either of the parties in this case has been guilty of acts of cruelty, you may take into consideration the married life of the parties, their

habits, their dispositions, and station in life, together with all attendant circumstances."

The supplemental transcript shows timely objection to the giving of that part of this instruction, summarized as follows: "* * * or cruelty may be inflicted by the use of words alone which constitute quarreling and fault-finding, such as to affect the health, well-being, or peace of mind of either of the parties." The entire objection is as follows:

"The particular objection to the quoted Instruction is as follows: The Instruction is inadequate because it limits for the consideration of the jury the definition of cruelty to quarreling and fault-finding, when in truth and fact, mental cruelty may well consist of acts and conduct wholly apart from 'quarreling' and 'fault-finding'; as, for instance, boorish conduct may be evidenced purely by actions alone without any words being uttered whatsoever; and, in view of the fact that the Instruction attempts to define what is mental cruelty, it is wholly deficient by leaving out the formation of conduct.

"The second objection to the quoted Instruction is as follows, and is particularly applicable to the last part thereof: '—such as to affect the health, well-being, or the piece [peace] of mind of either of the parties.' This is particularly objectionable because cruelty, mental cruelty, must affect the health, and the question of well-being and piece [peace] of mind, in and of themselves, is not the test to determine cruelty, but it must be related to health. And in the last quoted part of the Instruction, after the word 'health' there appears a comma, after the word 'well-being' there appears a comma, and prior to the last phrase there appears the word 'or'. Such being true, and by analysis of the sentence, 'cruelty' could be determined from this Instruction if the well-being is affected, or 'cruelty' could be proved by showing the piece [peace] of mind being affected; and, subsequently, the objectionable part is not proper unless the different phrases, such as, health, well-being, and piece

[peace] of mind are joined and united together, as health is of prime importance and must be proved in order to establish mental cruelty."

By this opinion, we do not approve or disapprove the instruction as a model form, but on the whole, as applied to this case, we believe it to be a fair instruction and within the contemplation of our statute, which is subsection 5, paragraph 1 of chapter 56, '35 C.S.A., reading as follows: "That the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse; and such cruelty may consist of the infliction of mental suffering or bodily violence."

As applied to this case, where both parties rely upon the grounds of extreme and repeated acts of cruelty under the statute to sustain their causes of action, our opinion is that the instruction is not only fair to both parties, but is not prejudicial to the cause of either. The instruction, as given, applies with equal force to both the prayer of the plaintiff for separate maintenance and that of the defendant for divorce.

The record does not disclose any motion for dismissal of the complaint or the cross complaint on the grounds of insufficiency of proof to sustain either, and no motion for a directed verdict. As we view the evidence, it was sufficient to require a determination by the jury upon the conflicts and denials therein. The jury resolved the weight of the evidence in defendant's favor, and, in accordance with the long established rule of this court, we will not substitute any findings therefor. The matters here involved were thoroughly presented to the able trial judge on motion for a new trial; his denial thereof is in consonance with the jury's findings, and the judgment should be, and is, affirmed.