No. 18,212.

HOMER J. REED, JR. *v.* DORIS K. REED.
(329 P. [2d] 633)

Decided September 8, 1958.

Messrs. EARLY & KELLER, for plaintiff in error.

Messrs. SANDHOUSE & SANDHOUSE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error (herein referred to as plaintiff or husband) was plaintiff in an action for divorce against defendant in error (herein referred to as defendant or wife). The husband's complaint was grounded on "extreme and repeated acts of cruelty." Issue was joined and at the conclusion of the husband's case the trial court sustained a motion interposed by counsel for the wife for a directed verdict in her favor. From the judgment entered on the verdict the plaintiff brings the case here on writ of error.

The parties litigant were married in February 1946. No children were born as the issue of the marriage. This action was commenced in March 1956. No cross-complaint was filed.

The plaintiff was the only witness who testified in the case. A number of incidents which allegedly took place during the ten years these parties lived together as husband and wife were testified to by the plaintiff.

On cross-examination, counsel for the wife elicited from plaintiff an explanation for the several acts of alleged cruelty.

Briefly stated, plaintiff testified that he and his wife

quarreled "over her attitude toward our friends and over her criticism of my parents and besides the job and my job, and we quarreled some over our sex relationship." In addition plaintiff testified concerning an occasion when defendant "brought her knee up into" plaintiff's groin, concerning which plaintiff testified that he "probably" had his hand on her when it occurred. With reference to an incident concerning which plaintiff testified that defendant threatened him with a paring knife, plaintiff also stated that he was making advances and defendant was refusing his attentions while the parties were in their kitchen, whereupon defendant waved the paring knife and told plaintiff to "get on away."

We find the following in plaintiff's direct examination:

"Q. Did these acts that you testified to occur in the State of Colorado? A. Yes, sir. Q. Have you been a resident of the State of Colorado for more than a year before this action was filed? A. Yes, sir."

Nowhere in the record does there appear testimony on behalf of plaintiff concerning the effect of defendant's conduct on the husband's well-being, his health or peace of mind.

The case falls directly within the rule stated in 27 C.J.S., p. 554: " * * * mere rudeness of language, neglect, indifference, petulance of manners, austerity of temper, or an occasional sally of passion or act of ill treatment which does not injure or threaten to injure the health of the complaining party does not constitute cruelty. Disavowals of love, expressions of hatred and the like do not per se constitute cruel treatment, and the fact that a wife is moody, whimsical, exacting, irascible and inconsiderate of her husband, failing to take an interest in his affairs or enter into the social life which he desires, does not entitle the husband to a divorce on the ground of cruelty."

A careful consideration of the record discloses that the evidence here does not meet the requirements

of our statute, hence the trial court acted properly in directing a verdict in favor of defendant, and in entering judgment accordingly. We find ample authority for such disposition in the cases of *Saterlee v. Saterlee,* 28 Colo. 290, 64 Pac. 149; *Ault v. Ault,* 29 Colo. 149, 68 Pac. 231, and *Hillburger v. Hillburger,* 110 Colo. 409, 135 P. (2d) 138.

All this is aside from the fact that the State is a party to every divorce action. *Redington v. Redington,* 2 Colo. App. 8, 29 Pac. 811, and *Gilpin v. Gilpin,* 12 Colo. 504, 21 Pac. 612, are approved in *Ward v. Ward,* 25 Colo. 33, 52 Pac. 1105, where it was said: " * * * there are in reality, three parties to every divorce action — the plaintiff, the defendant, and the state; and if there is any collusion or fraud between the parties, or if any facts are developed at the trial which make it inequitable or unjust for a divorce to be granted, the court must see to it that a decree for divorce is not entered." This rule was approved in *Frey v. Frey,* 61 Colo. 581, 158 Pac. 714, and *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780.

We are definitely of the opinion that the trial judge was correct, when in ruling on the motion for a directed verdict, he observed: "I don't think there is enough here to go to the jury and I am going to direct a verdict."

The judgment of the trial court is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.