No. 22259.

DORCAS R. COCHRAN *v.* WILLIAM M. COCHRAN.
(432 P.2d 752)

Decided October 30, 1967.

KETTELKAMP, McGRATH & VENTO, for plaintiff in error.

BENNETT & HEINICKE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

WILLIAM COCHRAN brought an action in divorce against his wife, Dorcas. In his complaint William alleged that Dorcas had been extremely and repeatedly cruel towards him by the infliction upon him of mental suffering. Dorcas initially asserted a counterclaim wherein she sought a decree in separate maintenance. However, shortly before the trial of this matter, Dorcas withdrew the counterclaim and the trial then proceeded on the basis of the issues framed by the complaint and Dorcas's answer thereto.

Upon trial to a jury of twelve, a verdict in favor of William was returned, and accordingly William was granted a decree in divorce. By this writ of error Dorcas now seeks reversal of the judgment thus entered.

Dorcas contends that the trial court erred in the following particulars:

1. in its instruction defining mental cruelty;

2. in refusing to give Dorcas's tendered instruction on condonation; and

3. in refusing to direct a verdict in favor of Dorcas at the conclusion of William's presentation of evidence, on the ground that William's evidence is claimed to be legally insufficient.

■ The trial court's instruction defining "mental cruelty" provides, in part, as follows:

". . . Mental cruelty may be inflicted by the use of words or acts or conduct which constitutes quarreling or fault finding and which are such as to affect the health, the well-being *or* the peace of mind of either of the parties." (Emphasis added.)

At the trial of this matter counsel objected to the foregoing on the ground that it was improper to use the word "or" and that the conjunctive, instead of the disjunctive, should have been used in the instruction. We perceive no error in this regard.

In connection with the various statutory grounds for divorce in Colorado, C.R.S. 1963, 46-1-1(e) provides as follows:

"That the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse; and *such cruelty may consist of the infliction of mental suffering or bodily violence.*" (Emphasis added.)

The instruction defining mental cruelty given in the instant case was based on an almost identical instruction considered by us in *Mentzer v. Mentzer,* 120 Colo. 412, 209 P.2d 920. In the *Mentzer* case the instruction defining mental cruelty was attacked on the very ground urged upon us now by Dorcas, namely that the use of the disjunctive "or," instead of the conjunctive "and," was improper. In that case, though we neither "approved or disapproved" the instruction as being a model in form, we nevertheless did characterize it as a "fair instruction," as well as being one "within the contemplation" of the applicable statute. The same observation could with equal propriety be made about the instruction given in the instant case.

■ Counsel for Dorcas argues that mental cruelty can only be a ground for divorce if such cruelty adversely affected the *health* of the party thus complaining. The applicable statute, set forth above, makes no mention of "health," as such, but only provides that cruelty may consist of the infliction of *mental suffering*. And it would seem to us that the absence of "peace of mind" would in the normal course of human events equate to at least some degree of "mental suffering." But we need not here get involved in any semantic dispute, since we have heretofore declared that "acts which tend to destroy the peace of mind are well calculated to impair health and endanger life." *Sylvis v. Sylvis,* 11 Colo. 319, 17 P.912. See also in this same general regard *Harding v. Harding,* 36 Colo. 106, 85 Pac. 423; and *Rosenfeld v. Rosenfeld,* 21 Colo. 16, 40 P.49. And in a more recent case, *Reed v. Reed,* 138 Colo. 74, 329 P.2d 633, we held that a trial court was quite correct in directing a verdict in favor of the defendant when there was no evidence on behalf of the plaintiff concerning the effect of defendant's conduct on the plaintiff's "well-being, his health *or* peace of mind." (Emphasis added.) Suffice it to say, then, we find no error in this regard.

■■ Nor do we find any error in the trial court's refusal to give an instruction on condonation. The defense of condonation is in the nature of confession and avoidance and therefore should be affirmatively pled. In the instant case condonation was not pleaded by way of defense, nor was the issue tried with either the express or implied consent of the parties. And perhaps of most importance, the record itself does not justify or require the giving of such an instruction. See *Harding v. Harding, supra.* Under all these circumstances, the trial court did not err in refusing to give an instruction on condonation.

■ As to the sufficiency of the evidence to warrant submission of the case to the jury, our reading of the

record convinces us that there is sufficient evidence to require submission of the matter to the jury and to support the verdict which it thereafter returned. William related in detail his wife's various actions and utterances which he said not only disturbed his peace of mind but also affected his health and emotional well-being. True, Dorcas contradicted much of her husband's testimony, but such only posed an issue of fact which has now been resolved by a jury of twelve.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.